UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23094-CIV-HUCK/DUBÉ

VALERIE S. BUKSCH,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion for Attorney's Fees Under the Social Security Act filed by the Plaintiff (D.E. #32) pursuant to an Order of Reference entered by the Honorable Paul C. Huck, United States District Judge. This Court has reviewed the motion, the response by the Government and the file in this cause.

On September 16, 2008, an Order was entered by Judge Huck adopting a Report and Recommendation by this Court and reversing and remanding this cause for further proceedings. (D.E. #22).

The present motion indicates that a fully favorable decision for the Plaintiff was issued by the ALJ on March 27, 2009 and seeks an award of attorney fees pursuant to an agreement between the Plaintiff and counsel. This agreement provides for a payment of a maximum of 25 percent of any recovery by the Plaintiff. According to the motion, the Plaintiff has been awarded past due benefits in the amount of $77,955.00 of which 25 percent ($19,488.75) is being requested for attorney fees.

The Defendant in its response does not object to the amount of $19,488.75 being awarded to counsel for the Plaintiff. However, the Defendant points out that counsel for the Plaintiff has been previously awarded $7,517.39 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA). Therefore, the Defendant contends that counsel for the Plaintiff must refund the lesser of the two attorney's fees awards. According to the Defendant, the Plaintiff's counsel has advised that he will refund the smaller of the two fee awards to the claimant.

Pursuant to 42 U.S.C. §406 (b)(1)(A), the Court may award a "reasonable fee" to counsel for work performed in the Court. However, that award cannot exceed 25 percent of the total of past due benefits which have been awarded to the claimant. Additionally, if counsel has already been awarded fees under the EAJA, the lesser of the fee amounts should be refunded to the client. See, Bergen v. Commissioner of Social Security, 454 F.3d 1273 (11th Cir. 2006); Coppett v. Barnhart, 242 F.Supp.2d 1380, 1382-1383 (S.D. Ga. 2002).

After reviewing the file in this cause, including the work performed by counsel and the result obtained for the Plaintiff, this Court finds that the award sought by the counsel for the Plaintiff pursuant to the fee agreement is reasonable. While this would result in a higher than usual recovery on an hourly basis, this Court finds that the agreement is proper and should be approved.

Accordingly, this Court recommends as follows:

(1)  Final Judgment should be entered pursuant to Rule 58, Federal Rules of Civil Procedure in favor of the Plaintiff based on the fully favorable administrative decision.

(2)  The Motion for Approval of Attorney's Fees (D.E. #32) should be **GRANTED** and counsel for the Plaintiff should be authorized to collect the fee of $19,488.75 pursuant to the fee agreement with the Plaintiff.

(3)     Counsel for the Plaintiff should be ordered to refund to the Plaintiff the $7,517.39 previously awarded by the Court under the EAJA.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge.  Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this _____ day of June, 2009.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE